F. S. STUMBAUGH *et al.* v. BEVERLY ANDERSON *et al.*

CONVEYANCE—*Want of Legal Consideration—Void, When.* A convey-
ance of real estate by a father to a minor son, for the son's services
during his minority, is a voluntary conveyance, without legal consid-
eration, and, therefore, void as to the creditors of the parent, if made
when the latter had no other property subject to execution.

*Error from Shawnee District Court.*

ACTION to set aside a certain deed. Judgment for defend-
ants, *Anderson* and wife, on April 2, 1888. The plaintiffs,
*Stumbaugh* and two others, bring the case to this court. The
facts appear in the opinion.

*Stumbaugh, Arnold & Hilton,* plaintiffs in error, *pro se.*
*M. E. Matthews,* for defendants in error.

Opinion by GREEN, C.: This action was brought by the
plaintiffs in error to set aside a deed made by Beverly Ander-
son and wife for two lots on Clay street, in the city of Topeka,
to their two sons, William Mack and Jones Anderson, on the
20th day of January, 1885. On the 29th day of December,
1884, the plaintiffs recovered a judgment against Beverly
Anderson, before a justice of the peace in Shawnee county,
and caused an abstract of such judgment to be filed in the of-
fice of the clerk of the district court on the 30th day of July,
1886. An execution was issued thereon, which was returned,
"no property found." The plaintiffs then commenced this
suit, and a trial was had and special findings of fact returned
by the jury, and judgment was rendered for the defendants,
and the plaintiffs ask a review of the record by which such
judgment was obtained.

It seems from the evidence upon the trial that Beverly
Anderson had agreed to give his two sons $150, if they would
go ahead and do the best they could in working on the home-
stead farm owned by the father; that the sons, one of whom
was 22 and the other 19, resided with their parents, except

at such times as they worked out for themselves; that, instead of paying them the $150, the father deeded to them the two lots in question, and the jury found this consideration in support of the deed. Was this consideration sufficient to uphold the deed as to Jones Anderson? The evidence clearly established the fact of his minority when the promise was made by the father, and there was no evidence that he had reached his majority when the deed was executed. The jury found that when the deed was signed by Beverly Anderson and wife, he was indebted to his two sons in the sum of $150. Now, this indebtedness, so far as it related to the minor son, was created by the promise of the father to pay the son for doing that which the law says it was his duty to do. The father had not relinquished the right he had to the son's services until he reached his majority. He was entitled to the very labor the son was to perform, without compensation; and it is difficult to see how any debt or obligation could be created which would support a consideration for the deed, so far as it related to this minor, as against existing and *bona fide* creditors of the father. The obligation rested upon the father to support the son, who in turn owed the father his services until he became of age. The conveyance was voluntary so far as it related to the minor son, and was without consideration. A promise to do what one is already bound to do is not a consideration. (3 Am. & Eng. Encyc. of Law, p. 834, and authorities there cited.) While a voluntary conveyance of land from a parent to his infant would be valid, where the claims of creditors do not intervene, yet if creditors are prejudiced by such conveyance, they would have an equitable right to set it aside, or to avoid it to the extent at least of the debts due them. (Field, Law of Infants, §51; Reeve, Dom. Rel. 422; Bump, Fraud. Conv. 232; *Swartz v. Hazlett*, 8 Cal. 118.) In the latter case, the court said:

"Where a parent executes to his infant son a conveyance of property in consideration of services performed, it must be considered as a voluntary conveyance, without legal consideration, as he is not legally bound to pay for his son's services.

Such a deed is therefore void against the creditors of the parent, if made when his remaining property is insufficient to pay his debts."

We think there was no evidence to support a consideration in the deed for the lots in question, from Beverly Anderson and wife to their minor son. We do not deem it necessary at this time to pass upon the sufficiency of the consideration of the conveyance as to William Mack Anderson.

We recommend a reversal of the judgment, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.